**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-1916-RCJ-GWF |
| | ) | |
| | ) | **ORDER** |
| WAYNE REEVES, | ) | |
| DIANE VAOGA, and | ) | |
| JAMES STOLL, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the Court is an Action brought by the United States of America seeking a permanent injunction against Defendants to bar them from conducting business which is allegedly in violation of several I.R.S. statutes regarding the conduct of tax preparation professionals.  Defendants now motion the Court to dismiss for lack of standing and subject matter jurisdiction, and motion the Court to strike Plaintiff's response to Defendants' motion. For the reasons stated herein, the Court denies Defendants' Motions to Dismiss and Strike.

## I.    FACTS AND PROCEDURAL HISTORY

The Defendants, Wayne Reeves ("Reeves"), Diana Vaoga ("Vaogo"), and James Stoll ("Stoll"), allegedly consulted with and assisted hundreds of individuals with various types of tax and business entity schemes allegedly developed and executed to divert and shield monies from tax liability. (*See* Complaint for Permanent Injunction, ECF No. 1, at 3). Plaintiffs allege Defendants maintain a website that promotes systems which "enable participants to illegally shelter income and to hide assets from the IRS through a series of bogus entities designed to disrupt and interfere with IRS tax assessment and collection

efforts." (*Id.* at ¶ 32).  The website allegedly "falsely advises customers that they may legally pay for personal expenses directly from their purportedly nontaxable trust or corporate accounts, and then pay tax on whatever income remains after paying for these expenses." (*Id.* at ¶ 33).  Plaintiff asserts Reeves, a CPA, refers customers to Stoll, who for a fee, creates the business entities needed to further the scheme (i.e., trusts, partnerships, and/or corporations). (*Id.* at ¶ 35).  In addition to advising customers to set up "bank trusts" as a vehicle to divert wages and payments for services (allegedly many clients are business professionals), Plaintiffs allege Reeves also instructs customers to name him, or some other trusted third party, as a signatory on the trust's or corporation's bank accounts. (*Id.* at ¶ 37).  This allegedly allows Reeves, or the other third party, to provide clients with pre-signed blank checks, enabling participants to access their money without oversight from the named signatory. (*Id.*).  Plaintiff alleges Reeves, Vaoga, and Stoll market their scheme through the internet, word of mouth, and individual meetings with potential clients. *(Id.* at ¶ 40).  Plaintiff claims Defendants make numerous fraudulent and/or false statements regarding the tax benefits associated with trusts and corporations. (*Id.* at ¶ 42).

In addition to Plaintiff's claims which outline the details of the specific allegations against Defendants, Plaintiff has included histories of four named clients who allegedly utilized the Defendants' services.  Each story explains how the clients were instructed by Defendants to form certain trusts or corporations and then use them to divert funds from the I.R.S.  Now, however, Plaintiff asserts these clients are liable for back taxes due to allegedly avoiding hundreds of thousands of dollars of taxes owed to the I.R.S. from their incomes over the course of a few years by utilizing Defendants' schemes.  Plaintiff allege's Defendants have obstructed the I.R.S.'s investigation into the tax liabilities of Defendants' clients.

Plaintiffs brought this Action to enjoin Defendants from continuing their practice of allegedly misguiding clients.  Defendants now move to dismiss for lack of standing and subject matter jurisdiction, as well as move to strike Plaintiff's response to Defendants' motions.

## II.    LEGAL STANDARDS

Federal courts are of limited jurisdiction, possessing only those powers granted by the Constitution or statute. *See United States v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  Federal Rule of Civil Procedure 12(b)(1) provides an affirmative defense via a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Section 1340 of Title 28 creates original jurisdiction in the district courts for "any civil action arising under any Act of Congress providing for internal revenue, . . . ." 28 U.S.C. § 1340.  District courts shall have "original jurisdiction of all civil actions, suits, or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." *Id.* at § 1345.

## III.    DISCUSSION

### A. Motion to Dismiss

Reeves and Vaoga assert in their Motions to Dismiss (ECF No. 15 and ECF No. 21) that the United States lacks standing to bring this Action and that the Court lacks subject matter jurisdiction.  Both motions are virtually identical asserting the same propositions.  Thus for the purposes of this Order, the Court will discuss Defendants Reeves' and Vaoga's Motions to Dismiss as though one in the same.  The Motions contain copious amounts of information relating to agency law, the history of the formation of the Internal Revenue Service, reasoning why the I.R.S. is not a United States Government agency, United States Treasury regulations and their relationship to rules and regulations for enforcing I.R.S. code, and how the United States is not the same entity as the United States of America. (*See generally* Motion Dismiss, ECF Nos. 15 and 21).  Yet, the Court fails to recognize one coherent argument, that has not previously been adjudicated, supporting Defendants' proposition that Plaintiff lacks standing and this Court lacks subject matter jurisdiction. Specifically Defendants aver:

1. The entity styled as the Plaintiff, United States of America (USA) is not (an) entity

constitutionally and statutorily styled as the United States (U.S.).

2. The entity called the United States and known as the federal government is not joined as a party for whose benefit the action is brought. Fed.R.Civ.P. 9, 12(b)(7), 17 & 19.

3. The Untied States of America claims no injury in fact.

4. Plaintiff presents allegations made by a non-agency of the Department of the Treasury called the Internal Revenue Service, a.k.a. Bureau of Internal Revenue, which is not an actual agency but rather an agency by estoppel having ostensible agency.

5. The Internal Revenue Service cannot sue or be sued in the name of the United States. It may not represent the interests of the United States because it is not the offspring of the government that has been created under an act of Congress.

6. The United States of America seeks a permanent injunction pursuant to sections 7407, 7408, and 7402(a) of the Internal Revenue Code ("the Code") (26 U.S.C.)(I.R.C.) Against Wayne Reeves, Diane Vioga, and James Stoll, to bar each of them, individually of doing business as or through any entity, and any other person in active concert or participation with them, directly or indirectly. (Compl. P. 1 ¶ 19.).

7. Sections 7407, 7408, and 7402 are unenforceable as they have no implementing regulations. Penalties prescribed by sections 6700 lacks implementing regulations. The penalty prescribed by section 6701 is implemented under regulations prescribed for enforcement under alcohol, tobacco, and firearms taxes which are not applicable to the instant matter.

(Motion Strike, ECF No. 20, at 5–6).

The Court will not address each of Defendants' assertions, remotely or directly, regarding the constitutionality of the tax system or the role the I.R.S. plays in it.   The constitutionality of the United States' income tax system, including the role played by the Internal Revenue Service within that system, has long been established.  This Court does not entertain the notion that the I.R.S. is not a government agency of the United States and has previously dismissed similar assertion as frivolous. *Salmon v. Dept. of Treasury*, 899 F.Supp. 471, 472 (D. Nev. 1995).

Nevertheless, the Court will address Plaintiff's clear statutory standing to bring this Action as well as this Court's jurisdiction over the subject matter of the same.  The federal law specifically authorizes the United States to bring an action to enjoin certain specified conduct prohibited under the Internal Revenue Code.  I.R.C. § 7402(a).  The code states, "The district courts of the United States *at the instance of the United States . . . shall have such jurisdiction* to make and issue in civil actions, writs and orders or injunction . . . as may be necessary or appropriate for the enforcement of internal revenue laws." *Id.* (emphases

4

1    added); *see also, United States v. Sanders*, 951 F.2d 1065, 1068 (9th Cir. 1991) ("Congress

2    has expressly directed federal district courts to hear tax enforcement matters.").  Further,

3    this Court has previously issued injunction orders under these statutes. *United States v.*

4    *Schiff*, 269 F.Supp. 2d 1262 (D. Nev. 2003); *United States v. Goodyke*, 2006 WL 4013390

5    (D. Nev. Nov. 13, 2006).

6         Because Defendants have failed to provide any valid reasons to substantiate their

7    claim that Plaintiff lacks standing and this Court lacks subject matter jurisdiction, the Court

8    denies Defendants' Motions to Dismiss.

9         **B. Motion to Strike**

10        In Defendants' Motion to Strike United States' Response to Motion to Dismiss,

11   Defendants assert the response lacks responsive sufficiency. (Verified Mot. Strike, ECF No.

12   20, at 1).  It continues that "Plaintiff's response is one in good form, but false in fact and not

13   pleaded in good faith." (*Id.*).  Further, Defendants assert the response is a "sham" pleading

14   and motions the Court to impose Rule 11 sanctions. (*Id.* at 3).  The crux of Defendants'

15   argument is that the response "does not address Defendant's averments specifically in

16   Defendant's argument, nor does it do that in an averment-by-averment progression through

17   the successive paragraphs of Defendant's motion to dismiss." (Motion Strike, ECF No. 30, at

18   6).  Defendants assert  that Plaintiff's silence and failing to dispute the evidence presented

19   by Defendant is acquiescence to Defendants argument and defense. (*Id.*).  Defendants cite

20   a couple of state and federal cases to support their proposition–none of which have

21   authority in this Court.  One such proposition by Defendants states, "'Absent a direct

22   counter' to defendant's statements, the statements of the defendant are undisputed."

23   *Johnson v. Hermes Assoc., Ltd*, 128 P.3d 1151, 1159 (S. Ct. UT 2005). (Motion Strike, ECF

24   No. 20, at 6).  This citation is completely misplaced as a proposition that Plaintiff's failure to

25   address Defendants' specific assertions in their Motion to Dismiss deems the assertions

26   undisputed.  In *Johnson,* the Utah Supreme Court was reviewing a summary judgment from

27   the lower court.  The appellees had presented sworn affidavits regarding certain testimonial

28   evidence and since the appellants had failed to "directly counter" the sworn affidavit, the

court ruled "in the absence of a direct counter" to the sworn affidavit, the district court may consider the those facts undisputed. *Id*. Here, Defendants have asserted propositions in their Motion to Dismiss which are not a kin to evidence sworn by affidavit in the *Johnson* case.  Thus, the reference and citation is misplaced.  Defendants' other citations to Utah courts, and the Fifth Circuit are equally misplaced and unpersuasive.  As a result, the Court does not grant Defendants' Motion to Strike (ECF No. 20).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Verified Motions by Unsworn Declaration to Dismiss Plaintiff's Complaint for Plaintiff's Lack of Standing and this Court's Lack of Jurisdiction of the Subject Matter by Defendants Reeves and Vaoga (ECF No. 15 and ECF No. 21) are DENIED.  IT IS further ORDERED the Verified Motion to Strike Response to Motion (ECF No 20) is DENIED.


DATED: ˙This 25th day of March, 2013.



_____

United States District Judge