UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>vs.<br><br>WAYNE REEVES, DIANE VAOGA, and<br>JAMES STOLL,<br><br>                          Defendants. | Case No. 2:12-cv-01916-RCJ-GWF<br><br>**ORDER**<br><br>**Motion to Set Aside Minute Order,<br>Motion to Set Aside Order, and<br>Motion for Recusal - #42** |

      This matter comes before the Court on pro-se Defendants Wayne Reeves and Diane Vaoga's ("Defendants") Motion (#42) to set aside the Court's Minute Order (#38) and Order (#41), and for recusal, filed on June 11, 2013.

### BACKGROUND

      On May 13, 2013, Defendants filed a Motion for Permission for Electronic Case Filing (#36). Defendant Reeves signed the Motion (#36) on behalf of himself and Defendant Vaoga. On May 16, 2013, the Court entered an Order (#37) granting Defendants' Motion (#36). On May 20, 2013, the Court entered a Minute Order (#38) amending its May 16, 2013 Order (#37) by setting a deadline of June 16, 2013 for Defendants to comply with the May 16, 2013 Order. On May 21, 2013, Plaintiff filed a Motion (#39) to reconsider the Order (#37). Plaintiff did not object to allowing Defendants to file electronically in this case. Plaintiff did object, however, to Defendant Reeves signing the Motion (#36) on behalf of Defendant Vaoga. The Court granted Plaintiff's Motion to Reconsider (#39) and withdrew its May 16, 2013 Order (#37) as to Defendant Vaoga. *See Order, Doc. #41* at 2:3-4. The Court also cautioned Defendant Reeves against signing further pleadings on behalf of any party other than himself. *See Order, Doc. #41* at 1:21-22. The Court

further suggested that Defendant Vaoga file her own motion requesting permission to file electronically. *See id.* at 2:4-5.

## DISCUSSION

### I.     Motion to Set Aside Court Orders

Courts "possess the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *U.S. Aviation Underwriters v. Wesair, LLC*, 2010 WL 1462707, *2 (D. Nev. 2010) (citing *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).

Here, Defendant has not offered any new evidence, convinced the Court its previous ruling was in clear error, or offered any intervening change in law that would cause the Court to revisit its previous rulings. Rather, Defendant Reeves recites inapposite case law and attempts to raise issues the Court has already ruled upon. The proper authority is unequivocal that a pro-se defendant may not sign pleadings on behalf of another party. *See, e.g., C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). The Court therefore finds no grounds to reconsider its previous Orders (#38, #41). Defendant Vaoga is still free to file her own motion for permission to file electronically. Despite the Court's previous admonishment, Defendant Reeves signed the instant Motion (#42) on behalf of himself and Defendant Vaoga. The Court again instructs Defendant Reeves not to file any pleadings on behalf of any party other than himself.

### II.    Motion for Recusal

Defendants also request the undersigned to recuse himself under 28 U.S.C. §§ 144 and 455. Recusal may be appropriate when "a party to the proceeding makes a showing of the present judge's personal bias or prejudice in a timely and sufficient affidavit." *United States v. Azhocar*, 581 F.2d 735, 737-38 (9th Cir. 1978). However, a party cannot cite conduct or rulings made during

the course of the proceedings as the basis for recusal. *See Toth v. Trans World Airlines*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (recusal is proper under 28 U.S.C. §§ 144 and 455 "only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding."). Defendants allege partiality in the manner in which this Court has ruled on previous motions. The Court therefore finds that Defendants do not establish good cause for recusal under 28 U.S.C. § 144 or § 455. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Reeves and Vaoga's Motion (#42) to Set Aside Minute Order (#38) and Order (#41) and for Recusal is **denied**.

DATED this 18th day of June, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge