# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:12-cv-01916-JAD-GWF |
| vs. | **ORDER** |
| WAYNE REEVES, et al., | Motion to Compel (#48); Motion To Cancel Status Conference (#58) |
| Defendants. | |

    This matter comes before the Court on Plaintiff United States of America's ("the Government") Motion to Compel (#48), filed on August 27, 2013. Defendant Wayne Reeves ("Reeves") filed an untimely Response (#52) on September 16, 2013. The Government filed a Reply (#55) on September 26, 2013. The Government also filed a unilateral Status Report (#53) regarding discovery on September 19, 2013. The Court conducted a telephonic status conference on September 20, 2013, at which Defendant Reeves and Defendant Vaoga ("Defendants") did not appear. *See Minutes of Proceedings, Doc. #56*. Shortly before the status conference, Defendants filed a Motion (#58) to cancel it.

    The Complaint underlying this litigation seeks to enjoin Defendants from allegedly promoting a tax-fraud scheme and from preparing tax returns for others. *See Compl., Doc. #1*. The Government represents it served Reeves with Interrogatories and Requests for Production of Documents ("RFPs") on May 23, 2013. Reeves' responses were due on June 25, 2013. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). The Government states it agreed to a 14-day extension for the Interrogatories, making Reeves' responses due on July 9, 2013, and to a 30-day extension for the RFPs, making those responses due July 25, 2013. The Government later agreed to further extend the deadline to respond to the Interrogatories until August 1, 2013. On July 31, 2013, Reeves

communicated to the Government that he would mail his responses to the Interrogatories and RFPs on August 1, 2013. *See Motion, Doc. #48, Exh. 9*. On August 12, 2013, the Government indicated to Reeves that it still had not received his responses. *See id., Exh. 10*. The next day, Reeves responded that he was continuing work on his discovery responses, and that he would mail them "as soon as" he could. *See id., Exh. 11*. The Government represents that to date, it has received no responses from Reeves.

Parties have an obligation to make a reasonable effort to locate all documents and information necessary to fully respond to discovery. *Fresenius Medical Care Holding, Inc. v. Baxter Intern., Inc.*, 224 F.R.D. 644, 657 (N.D. Calif. 2004). A party seeking discovery may move for an order compelling an answer if a party fails to respond to properly propounded discovery. *See* Fed. R. Civ. P. 37(a)(3)(B). Simply not responding to discovery requests is not an option. If a responding party is unable to provide the requested information, he must state under oath that he is unable to provide the information and must describe the efforts he expended attempting to obtain it. *See Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Calif. 2012). Similarly, if a responding party objects to a particular discovery request, he must respond by stating the grounds for the objection with specificity. *See, e.g.,* Fed. R. Civ. P. 33(b)(4). Furthermore, a discovery response "which merely promises to produce" the requested information "at some unidentified time in the future, without offering a specific time, place and manner" is treated as a failure to answer or respond. *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997).

Here, despite numerous extensions, Reeves has failed to provide any responses to the Government's timely discovery requests. Reeves first attempts to excuse his failure to respond by rehashing his contention that the Government lacks standing to bring, and the Court lacks subject matter jurisdiction over, this case. The District Judge previously rejected this argument, however, in denying Defendants' Motions to Dismiss (#15, #21). *See March 25, 2013 Order, Doc. #31* at 4:21-22 ("Nevertheless, the Court will address Plaintiff's clear statutory standing to bring this Action as well as this Court's jurisdiction over the subject matter of the same."). Second, Reeves represents his responses have been delayed by Defendant Vaoga's health problems. The Government agreed to extend the time for Reeves to respond. The Court finds that Defendant

Vaoga's health concerns cannot excuse Reeves' continued failure to respond over three months after the original due date. Therefore, notwithstanding Reeves' promises to respond "as soon as" he can, the Court will compel Reeves to respond to the subject discovery requests.

Finally, shortly before the September 30, 2013 discovery status conference, Defendants filed a Motion (#58) for "cancellation" of the conference. Therein, Defendants again dispute the Court's subject matter jurisdiction over this case. For the reasons stated above as regards this Court's jurisdiction, and because Defendants present no other good reason to cancel the status conference or otherwise withdraw the Minute Order (#54) setting the conference, the Court will deny the Motion (#58). Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's Motion to Compel (#48) is **granted**. Defendant Reeves shall respond to the Government's Interrogatories and Requests for Production of Documents on or before **October 21, 2013**. The Court cautions Defendant Reeves that failure to comply with this Order may result in the imposition of sanctions.

**IT IS FURTHER ORDERED** that Defendants Reeves and Vaoga's Motion to Cancel Status Conference (#58) is **denied**.

DATED this 3rd day of October, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge