# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|       Plaintiff, ) | Case No. 2:12-cv-01916-JAD-GWF |
| vs. ) | **ORDER** |
| WAYNE REEVES, et al., ) | Motion to Compel (#60) |
|       Defendants. ) | |

This matter comes before the Court on Plaintiff's Motion to Compel (#60), filed on November 7, 2013. Plaintiff represents it served Defendant Diane Vaoga ("Vaoga") with a set of interrogatories on August 23, 2013. Under Rule 33(b)(2), Vaoga was required to respond by September 24, 2013. Plaintiff further represents that, to date, Vaoga has neither responded nor sought an extension of time to respond.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. For good cause, the court may broaden the scope of discovery to any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Relevancy under Rule 26(b)(1) is liberally construed. *U.S. E.E.O.C. v. Caesars Entertainment, Inc.,* 237 F.R.D. 428, 431–32 (D.Nev. 2006). Indeed, Rule 26 encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *See id.* at 351.

      Simply not responding to discovery requests is not an option. If a responding party is unable to provide the requested information, he must state under oath that he is unable to provide the information and must describe the efforts he expended attempting to obtain it. *See Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Calif. 2012). Similarly, if a responding party objects to a particular discovery request, he must respond by stating the grounds for the objection with specificity. *See*, *e.g.,* Fed. R. Civ. P. 33(b)(4). Furthermore, "it is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.*" Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981).

      Here, Plaintiff alleges that Vaoga failed to take any action in response to Plaintiff's interrogatories. Furthermore, under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. The time to oppose the instant Motion has expired, and no opposition has been filed. Because Plaintiff failed to respond or object to Plaintiff's interrogatories and did not oppose this Motion, the Court will compel Vaoga to respond to Plaintiff's interrogatories in their entirety without objection. Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#60) is **granted**.

      **IT IS FURTHER ORDERED** that Defendant Vaoga shall respond to Plaintiff's Interrogatories in their entirety without objection within 14 days of the date of this Order. Vaoga is further cautioned that failure to comply with this Order may result in the imposition of sanctions.

      DATED this 26th day of December, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge