# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-01916-JAD-GWF |
| vs. | ) | **ORDER** |
| WAYNE REEVES, et al., | ) | Motion to Compel (#67) |
| Defendants. | ) | |

    This matter comes before the Court on Plaintiff's Motion to Compel (#67), filed on January 9, 2014. This is Plaintiff's second such motion regarding the subject discovery requests. Plaintiff represents that on May 23, 2013, it served Defendant Reeves with a first set of interrogatories and first requests for production of documents. After much delay on the part of Reeves, the Court granted Plaintiff's Motion to Compel (#48) and ordered Reeves to respond to Plaintiff's discovery requests by October 21, 2013. *See October 3, 2013 Order, Doc. #59.* Plaintiff represents it received Reeves' responses on October 31, 2013, and after a long period of conferring with Reeves, now asserts that they are inadequate and assert inappropriate blanket objections.

    "It is well established that a failure to object to discovery requests within the time required constitutes waiver of any objection." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Furthermore, "[a] boilerplate objection inserted into a Rule 34 response to a request for production of documents is insufficient to assert a privilege," and if a party fails to provide a privilege log within the time Rule 34 specifies, "the Court may find the privilege waived." *Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Ass'n*, 2011 WL 3841083, at *5 (D. Nev. 2011) (citing *Burlington N. & Santa Fe R. R. Co. v. United States Dist. Court of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005).

Rule 33(b)(4) provides, however, that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." To determine whether good cause exists, courts consider (1) the length and reason for the delay; (2) whether there was any bad faith; (3) whether the party seeking discovery has been prejudiced; (5) whether the discovery requests were properly framed; and (5) whether waiver would impose an excessively harsh result on the defaulting party. *Caudle v. District of Columbia*, 263 F.R.D. 29, 33 (D. D.C. 2009). Courts should also consider whether "the failure to object [...] was inadvertent, defiant, or part of a larger calculated strategy of noncompliance." *Frontier-Kemper Constructors v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 526 (S.D. W.Va. 2007).

Here, the Court finds that Reeves has waived any privileges, and has not shown good cause to excuse his failure to timely object. Reeves asserted the same boilerplate privilege in nearly every one of his late responses to Plaintiff's interrogatories. *See, e.g., Doc. #67, Exh. 1* at 3:13-14 ("Inasmuch as this is a noncriminal tax matter I claim the Tax Advisor's Privilege Under IRC § 7525(a)(2)(B)"). Reeves asserted the same privilege with respect to every document request except one, in response to which he provided a single business card. *See, e.g., Doc. #67, Exh. 2* at 2:11-13. Because Reeves' objections were untimely, and because Plaintiff represents Reeves has yet to produce a privilege log as regards the document requests, the Court finds that Reeves has waived the privilege undergirding his objections. Having considered the above-enumerated factors and Reeves' pattern of noncompliance in this action, the Court also finds that Reeves has not shown good cause why the Court should excuse his failure to timely object. Therefore, the Court will order Reeves to respond to each of Plaintiff's interrogatories and document requests, without objection or assertion of any privilege.

Furthermore, under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. The time to oppose the instant Motion has expired, and no opposition has been filed. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#67) is **granted**.

...

...

1      **IT IS FURTHER ORDERED** that Defendant Reeves shall respond to each of the subject
2 interrogatories and requests for production of documents on or before **February 21, 2014** without
3 objection or assertion of any privilege.  Reeves is further instructed that failure to comply with this
4 Order may result in the imposition of sanctions, up to and including a recommendation to the
5 District Judge that a default judgment be entered against him.
6      DATED this 7th day of February, 2014.

                                                     _____
                                                     GEORGE FOLEY, JR.
                                                     United States Magistrate Judge