# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,                    Plaintiff,<br><br>vs.<br><br>WAYNE REEVES, *et. al.*,                    Defendants. | Case No. 2:12-cv-01916-RCJ-GWF<br><br>**ORDER**<br><br>Motion to Vacate (Dkt. #79) and Reset Hearing (#80) |

This matter is before the Court on Defendants Wayne Reeves' and Diane Vaoga's Motion to Vacate the Court's Minute Order (Dkt. #79) and Reset Hearing (#80), filed on March 26, 2014.

In their Motion (#80), Defendants Reeves and Vaoga contend that the Court does not have subject matter jurisdiction over them, therefore, Defendants' second Motion to Dismiss for Lack of Jurisdiction (#74) must be adjudicated before the Court can proceed with the hearing set forth in Minute Order (#79).

The Complaint underlying this litigation seeks to enjoin Defendants from allegedly promoting a tax-fraud scheme and from preparing tax returns for others. *See Comp., Doc. #1*. Defendant Reeves filed a Motion (#15) to dismiss for lack of subject matter jurisdiction on January 16, 2013. Defendant Vaoga filed a Motion (#21) to dismiss virtually identical to Defendant Reeves' on February 19, 2013. The Motions contained information relating to agency law, the history of the formation of the Internal Revenue Service, reasoning why the I.R.S. is not a United States Government agency, United States Treasury regulations and their relationship to rules and regulations for enforcing I.R.S. code, and how the United States is not the same entity as the United States of America. *See Doc. #15 and #21*. Both motions were denied on March 25, 2013. *See Doc. #31*. The Court was unable to recognize any

coherent argument, that had not been previously adjudicated, supporting Defendants' proposition that Plaintiff lacked standing and this Court lacked subject matter jurisdiction. *Id.* In response to the Court's decision, Defendants filed a Motion (#40) to Set Aside Order (#31) on May 28, 2013. In their Motion (#40), Defendants argue that they do not challenge the constitutionality of the income tax system, rather, their challenge is to the role in which the Internal Revenue Service plays in the system. *See Doc. #40* at pg. 5.

On August 27, 2013, Plaintiff filed a Motion to Compel Discovery (#48). Plaintiff specifically requested an order compelling Defendant Reeves to respond to the Governments' interrogatories and requests for production of documents. In Defendant Reeves' Response to Plaintiff's Motion to Compel (#52), Defendant Reeves asserts Plaintiff's failure to establish it had standing to represent the "unidentified entity, United States of America" as his reason for non-compliance. This argument was made despite the Court previously finding that both standing and subject matter jurisdiction had been established. *See Doc. # 31.* The Court granted Plaintiff's Motion to Compel (#48) on October 3, 2013, and gave Defendant Reeves until October 21, 2013 to respond the Governments' Interrogatories and Requests for Production of Documents. The Court also cautioned Defendant Reeves that failure to comply with the Court's Order may result in the imposition of sanctions. *See Court Order, Doc. #59.*

On September 20, 2013, the Court conducted a telephonic status conference at which Defendant Reeves and Defendant Vaoga did not appear. *See Minutes of Proceedings, Doc. #56.* Shortly before the status conference, Defendants filed a Motion (#58) for cancellation of the conference, again therein alleging lack of standing and subject matter jurisdiction.

On November 27, 2013, Defendant Reeves filed his Answer (#61) and subsequently filed a Motion to Dismiss Plaintiff's Complaint (#62) both of which allege lack of standing and jurisdiction. Plaintiff then filed its Second Motion to Compel against Defendant Reeves (#67), which was granted by Order (#67) on February 7, 2014. Plaintiff asserted that after a long period of conferring with Defendant Reeves, the discovery responses provided by Defendant Reeves were inadequate and asserted inappropriate blanket objections. The Court gave Defendant Reeves until February 21, 2014 to respond to each of the subject interrogatories and requests for production of documents without objection or assertion of any privilege. Defendant Reeves was further instructed that failure to comply

with Order (#72) may result in the imposition of sanctions, up to and including a recommendation to the District Judge that a default judgment be entered against him. *See Doc. #72*.

The Court conducted a motion hearing on Plaintiff's Motion to Extend Time Regarding Discovery on February 13, 2014, at which Defendant Reeves and Defendant Vaoga were again absent. *See Minutes of Proceedings, Dkt. #73*. Defendant Reeves and Defendant Vaoga subsequently filed another Motion to Dismiss for Lack of Jurisdiction (#74) on February 24, 2014. Plaintiff then filed a Motion for Sanction (#78) on March 13, 2014. The Court set Plaintiff's Motion (#78) for hearing on Monday, April 21, 2014 at 9:30 A.M. *See Minute Order, Dkt. # 79*. In response, Defendants Reeves and Vaoga filed this current Motion to Vacate Minute Order (Dkt. #79) and Reset Hearing (#80). Therein, Defendants argue that this Court does not have the authority to act until the issue of subject matter jurisdiction is settled. *Id.*

Courts have held that subject matter jurisdiction should be decided before parties engage in discovery. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991). The District Court, however, has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603-04 (D.Nev. 2011). Therefore, when evaluating the propriety of an order staying or limiting discovery, the court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case. *Id.*

Here, Defendant Reeves and Defendant Vaoga have consistently refused to participate in discovery alleging that Plaintiff lacks standing to bring this action and arguing this Court lacks subject matter jurisdiction to hear this action. Defendants continue to argue these points despite the Court's finding that standing and subject matter jurisdiction are established. *See Doc. # 31*. To date, Defendants Reeves and Vaoga have filed two motions to dismiss, one motion to set aside an

1  unfavorable order to their motion to dismiss, and one motion to dismiss Plaintiff's Complaint, all
2  alleging lack of standing and lack of subject matter jurisdiction.  Defendants acknowledge in their
3  Motion (#80) that they have repeatedly filed motions challenging the Court's subject matter jurisdiction
4  because they do not believe the Court has adequately addressed their points of authority, which is why
5  the Defendants continue to assert that the Court does not have subject matter jurisdiction. *See Doc. #80*
6  at pg. 2.  The Court does not refute the importance of staying discovery until the imperative issue of
7  subject matter jurisdiction has been resolved, however, in this instance, the Court considers the matter
8  resolved pursuant to Court Order (#31).  Therefore, Defendants' failure to participate in discovery due
9  to lack of standing and subject matter jurisdiction serve no other purpose than to delay these
10 proceedings.  In the interest of justice, the Court will not allow Defendant Reeves and Defendant Vaoga
11 to delay discovery by continuously re-arguing matters already settled before this Court.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants Reeves' and Vaoga's Motion to Vacate Minute Order (#79) and Reset Hearing (#80) are **DENIED**.

DATED this 31st day of March, 2014.

*[signature]*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**