UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No.: 2:12-cv-01916-JAD-GWF |
| vs. | ) **FINDINGS & RECOMMENDATIONS** |
| WAYNE REEVES, DIANE VAOGA, and JAMES STOLL, | ) |
| Defendants. | ) |

This matter is before the Court on the Plaintiff United States' Motion for Sanctions and for Entry of Default Judgments Against Defendants Wayne Reeves and Diane Vaoga (#78), filed on March 13, 2014. By Minute Order (#79), the Court scheduled an April 21, 2014 hearing on the Plaintiff's Motion for Sanctions. On March 26, 2014, Defendant Reeves filed a Motion to Vacate Minute Order (Dkt No. 79) and Reset the Date of the Hearing After Disposal of Defendant's Motion to Dismiss for Lack of Jurisdiction (#80). The Court denied Defendant Reeves' motion to vacate on March 31, 2014. *See Order (#82).* On April 14, Defendants Reeves and Vaoga filed a Motion for Change of Venue and Transfer to the United States District Court, District of Arizona (#83). On April 16, 2014, Defendant Reeves filed a Second Affidavit (#84), updating the Court on the health status of Codefendant Vaoga. On April 17, 2014, the Court entered a minute order permitting the parties to appear by telephone at the hearing on April 21, 2014. *Minute Order (#85)*.

The Court conducted the hearing on the Motion for Sanctions (#78) on April 21, 2014. Plaintiff's counsel Mark Melton appeared by telephone. Defendants Wayne Reeves and Diane Vaoga appeared by telephone. Defendant James Stoll, who is not a subject of the motion for sanctions, appeared in person for the hearing. The Court heard argument on the motion by counsel for the Plaintiff and by Defendant Reeves, in whose arguments Defendant Vaoga joined.

# BACKGROUND

In this action, the United States seeks to enjoin Defendants from promoting an allegedly fraudulent tax scheme and from preparing tax returns for others. *Complaint (#1)*. Defendant Reeves filed a Motion to Dismiss (#15) for lack of subject matter jurisdiction on January 16, 2013. On February 19, 2013, Defendant Vaoga filed a Motion to Dismiss (#21) virtually identical to Defendant Reeves' motion to dismiss. The motions contained information regarding agency law, the history of the formation of the Internal Revenue Service (IRS), reasons why the IRS is not a United States Government agency, United States Treasury regulations and their relationship to rules and regulations for enforcing the Internal Revenue Code, and how the United States is not the same entity as the United States of America. Both motions were denied on March 25, 2013. *Order (#31)*.

The Court noted in its Order (#31) that it "failed to recognize one coherent argument, that has not been previously adjudicated, supporting Defendants' proposition that the Plaintiff lacks standing and this Court lacks subject matter jurisdiction." *Id., pg. 3*. The Court went on to discuss the Defendants' specific assertions. It noted that the constitutionality of the United States' income tax system, including the role played by the Internal Revenue Service within that system has long been established. The Court rejected the assertion that the IRS is not an agency of the United States, citing *Salmon v. Dept. of Treasury*, 899 F.Supp. 471, 472 (D.Nev. 1995). The Court further held that Plaintiff United States of America has standing to bring this action. *Id., pgs. 4-5*. The Court also rejected Defendants' assertion that the Plaintiff had failed to properly respond averment-by-averment to each of the assertions that Defendants made in support of their motions to dismiss. *Id., pgs. 5-6*. Defendants Reeves and Vaoga have refused to accept the denial of their motions to dismiss and have refused to participate in discovery, arguing that they have no obligation to do so until the Court enters a proper order regarding their challenges to standing and subject matter jurisdiction.

Plaintiff represents that it served Defendant Reeves with interrogatory and document requests on May 23, 2013. After requesting and receiving several extensions of time to respond to the discovery requests, Defendant Reeves failed to serve his responses. On August 27, 2013,

Plaintiff filed a Motion to Compel Discovery (#48) requesting an order compelling Defendant Reeves to serve responses to the Governments' interrogatories and requests for production of documents.  In his Response (#52), Defendant Reeves asserted Plaintiff's failure to establish that it has standing to represent the "unidentified entity, United States of America" as his reason for refusing to respond to Plaintiff's discovery requests.  The Court granted Plaintiff's Motion to Compel (#48) on October 3, 2013, and gave Defendant Reeves until October 21, 2013 to respond to the Governments' interrogatories and requests for production of documents.  The Court also cautioned Defendant Reeves that failure to comply with the order may result in the imposition of sanctions.  *Order (#59)*.  Although Defendant Reeves served responses to the interrogatories and requests for production following the entry of the order to compel, he made blanket objections to the discovery requests and failed to produce any documents.

On September 20, 2013, the Court conducted a telephonic status conference at which Defendant Reeves and Defendant Vaoga did not appear.  *See Minutes of Proceedings (#56)*.  Shortly before the status conference, Defendants filed a Motion (#58) for cancellation of the conference, again alleging lack of standing and subject matter jurisdiction.  On November 27, 2013, Defendant Reeves filed his Answer (#61) and subsequently filed a Motion to Dismiss Plaintiff's Complaint (#62) both of which allege lack of standing and jurisdiction.

Plaintiff filed its Second Motion to Compel against Defendant Reeves (#67) on January 9, 2014.  Plaintiff asserted that after a long period of conferring with Defendant Reeves, his discovery responses were still inadequate and he asserted inappropriate blanket objections.   Defendant Reeves did not file a response to the motion.  The Court granted the Plaintiff's second motion to compel on February 7, 2014.  *Order (#72)*.  The Court gave Mr. Reeves until February 21, 2014 to respond to each of the subject interrogatories and requests for production of documents without objection or assertion of any privilege.  Defendant Reeves was further instructed that failure to comply with the order may result in the imposition of sanctions, up to and including a recommendation to the District Judge that a default judgment be entered against him.  *Order (#72), pg. 3*.

. . .

1      The Court conducted a hearing on Plaintiff's Motion to Extend Time Regarding Discovery
2  (#69) on February 13, 2014, at which Defendant Reeves and Defendant Vaoga were again absent.
3  *See Minutes of Proceedings (#73)*.  Defendant Reeves and Defendant Vaoga thereafter filed another
4  Motion to Dismiss for Lack of Jurisdiction (#74) on February 24, 2014.
5      Mr. Reeves sent a letter by email to Plaintiff's counsel on February 25, 2014 in which he
6  further explained his legal position in this case and his disagreement and frustration with the
7  Court's refusal to recognize his legal arguments. *Motion for Sanctions (#78), Exhibit 11*.  Mr.
8  Reeves closed his email by stating:

> Therefore,
>
> I will not be answering your Request for Documents, as the Court does not have subject matter jurisdiction to make such a request.
>
> I will not be answering your Interrogatories.
>
> Diane will not be attending the deposition for February 28, 2014.
>
> When the District Court denies my current motion [Docket No. 62], I will be appealing that denial to the Ninth Court of Appeals.  So, Mr. Milton, we are on "hold" at present.

*Id.*

On February 26, 2014, Mr. Reeves sent a follow-up email letter to Plaintiff's counsel in which he reiterated that he would not participate in discovery until the issues of subject matter jurisdiction and "whether this Court has Article III powers which I am sure it does not!" are resolved. *Motion for Sanctions (#78), Exhibit 13*.

On December 26, 2013, the Court granted Plaintiff's motion to compel Defendant Diane Vaoga to answer interrogatories. *Order (#65)*. Ms. Vaoga complied with the Court's order by serving answers to interrogatories on January 13, 2014.  However, Ms. Vaoga responded "I don't know" to several interrogatories regarding matters she would presumably have some knowledge of, including questions about bank checks which she allegedly signed. *Motion for Sanctions (#78), Exhibit 7, Defendant Vaoga's Answers to Interrogatories*.  Plaintiff has not moved to compel Ms. Vaoga to provide responsive answers to the interrogatories.  Both before and after the receipt of Ms. Vaoga's answers to interrogatories, however, Plaintiff attempted to schedule her deposition on several occasions.  Plaintiff's efforts to schedule Ms. Vaoga's depositions were delayed by

Defendants' requests to reschedule the deposition in the community in which they reside or by Ms. Vaoga's assertion of health problems that allegedly prevented her from appearing for deposition. The deposition date was also rescheduled on one occasion by Plaintiff's counsel due to a conflict in his schedule. *See Motion for Sanctions (#78), Declaration of Mark C. Milton*, ¶¶ 2-13. As Mr. Reeves subsequently made clear in his February 25th and 26th email communications to Plaintiff's counsel, however, Ms. Vaoga now refuses to appear for her deposition based on Defendants' assertion that they are not required to appear.

On March 13, 2014, the Court set a hearing on Plaintiff's motion for sanctions for Monday, April 21, 2014 at 9:30 A.M. *Minute Order (#79)*. In response, Defendants Reeves and Vaoga filed a motion to vacate the minute order on the grounds that the Court does not have the authority to act until the issue of subject matter jurisdiction is settled. The Court denied that motion on March 31, 2014. *Order (#82)*. Prior to the hearing on the motion for sanctions, Defendants also filed their motion for change of venue and transfer in which they again raise the same arguments regarding the lack of standing and subject matter jurisdiction. During the April 21, 2014 hearing on the instant motion, Ms. Vaoga adopted the arguments of her husband, Mr. Reeves. There is no reason to believe, therefore, that Ms. Vaoga will appear for deposition if another notice of deposition is served upon her.

## **DISCUSSION**

Plaintiff moves for the imposition of case dispositive sanctions against Defendants Reeves and Vaoga based on their failure to comply with court orders and their refusal to participate in discovery. Rule 37(b)(2) of Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may make such orders in regard to the failure as are just. The rule provides a list of sanctions that the court may impose, including the severe sanctions of dismissing the action or entering a default judgment against the offending party. *See* Rule 37(b)(2)(A)(i)-(vii). Rule 37(d)(1)(A)(i) also provides that the Court may impose sanctions upon a party who fails or refuses to appear for her deposition.

In regard to the imposition of case dispositive sanctions, the Ninth Circuit in *Henry v. Gill Industries,* 983 F.2d 943, 948 (9th Cir. 1993) stated:

> "Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (citations and internal punctuation omitted).

The key factors are prejudice and the availability of lesser sanctions. *Henry,* 983 F.2d at 948, *citing Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). For dismissal or default to be proper, the conduct to be sanctioned must also be due to willfulness, fault or bad faith by the losing party. Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault. *Henry*, 983 F.2d at 947-48, *citing Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). In deciding whether dismissal or default is warranted, the court may consider all of the offending party's discovery conduct. *Henry*, 983 F.2d at 947, *citing Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990).

The requesting party suffers prejudice if the responding party's discovery violations impair the requesting party's ability to go to trial or threaten the rightful decision of the case. *Henry*, 983 F.2d at 948. *Anheuser-Busch, Inc. v. Natural Beverage Distributors, Inc.*, 69 F.3d 337, 348 (9th Cir. 1995), states that the severe sanction of dismissal is warranted where a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings. In that case, the court held that plaintiff was prejudiced by defendant's failure to produce the documents because it was forced to rely on incomplete and spotty evidence in presenting its defense to the counterclaim. *Anheuser-Busch, Inc.,* 69 F.3d at 353-354. The court also rejected defendant's argument that plaintiff was not prejudiced because the documents were produced two months before the scheduled commencement of trial. The court noted that it has "squarely rejected the notion that a failure to comply with the rules of discovery is purged by belated compliance."

In *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057 (9th Cir. 1998), the court stated that it is not always necessary for the court to first impose less severe sanctions, or to give any explicit warning of the dismissal or default sanction in order for the sanction of dismissal or default to be proper. The court stated:

> What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations "threaten to interfere with the rightful decision of the case." *Adriana*, 913 F.2d at 1412. While contumaciousness toward the court needs a remedy, something other than case-dispositive sanctions will often suffice. Dismissal is appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available." *Id.,* at 105758, *citing Anheuser-Busch, Inc.,* 69 F.3d at 352.

Defendant Reeves and Defendant Vaoga have consistently refused to participate in discovery on the grounds that Plaintiff lacks standing to bring this action and the Court lacks subject matter jurisdiction. Defendants have continued to assert these defenses, despite the Court's finding that standing and subject matter jurisdiction are established. *See Order (#31)*. Since that order was entered, Defendants Reeves and Vaoga have repeatedly filed motions alleging lack of standing and lack of subject matter jurisdiction and asserting that the Court has not adequately addressed their arguments. While Defendants have the right to disagree with the Court's decision on standing and subject matter jurisdiction, and to ultimately appeal that decision if judgment is entered against them, their disagreement with the Court's decision does not entitle them to refuse to participate in discovery or to disobey the Court's discovery orders.

## CONCLUSION

Defendants' refusal to comply with the Court's orders has been willful. They simply refuse to recognize the authority of the Court or the requirement that they comply with court orders and the discovery rules. Plaintiff has been prejudiced in its ability to prepare its case for trial by Defendants' refusal to participate in discovery. Because it is clear that Defendants will continue to refuse to comply with the Court's orders or to otherwise participate in discovery, including appearing for deposition, there is no lesser, alternative sanctions that the Court can impose to obtain Defendants' compliance with the Court's orders or with their discovery obligations. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff United States' Motion for Sanctions and for Entry of Default Judgments Against Defendants Wayne Reeves and Diane Vaoga (#78) be

**granted**, that Defendant Wayne Reeves' Answer (#61) be stricken, that Defendants Reeve's and Vaoga's defaults be entered, and that a default judgment be entered against them.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of June, 2014.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**