1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

\* \* \*

7

UNITED STATES OF AMERICA,                   Case No. 2:12-cv-01916-RFB-GWF

8

Plaintiff,                   <u>**ORDER**</u>

9

v.                                          Plaintiff's Motion to Reconsider
                                            (ECF No. 51)

10

WAYNE REEVES,
DIANE VAOGA, and

11

JAMES STOLL,

12

Defendants.

13

14          This matter is before the Court on Plaintiff United States of America's Motion to

15    Reconsider Order Denying Motion to Approve Consent Injunction against Defendant James

16    Stoll. ECF No. 51.

17          On March 21, 2013, Plaintiff filed a Motion to Approve Agreed Order of Permanent

18    Injunction against James Stoll. ECF No. 28. In that motion, Plaintiff presented a stipulated order

19    of permanent injunction against Stoll, in which Stoll agreed, *inter alia*, that he would be

20    permanently enjoined from engaging in certain specified conduct relating to the preparation of

21    tax returns, giving of tax advice, representation of individuals or entities before the Internal

22    Revenue Service (IRS), and formation of legal documents, corporations, partnerships, or trusts.

23    <u>Id.</u> On July 11, 2013, the Honorable Robert C. Jones issued a Minute Order denying Plaintiff's

24    motion. ECF No. 45. The Minute Order contained no explanation for the decision.

25          On July 16, 2013, Plaintiff filed a Motion for Further Explanation in which it requested

26    "a further explanation for the Court's denial of the motion so that the United States may know

27    the basis for the Court's decision and proceed intelligently." ECF No. 47 at 2. Judge Jones did

28    not respond to this motion. On August 29, 2013, this case was reassigned to the Honorable

1   Jennifer A. Dorsey. Minute Order, ECF No. 50. Plaintiff filed its Motion to Reconsider on
2   September 17, 2013. This case was transferred to the undersigned on August 5, 2014.

3       "As long as a district court has jurisdiction over the case, then it possesses the inherent
4   procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to
5   be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885
6   (9th Cir. 2001) (citation omitted) (internal quotation marks omitted). This power is rooted in the
7   common law, not the Federal Rules of Civil Procedure. Id. at 886.

8       In this case, the Court cannot determine the basis for Judge Jones's decision from the
9   record before it. Nevertheless, considering the stipulated permanent injunction anew upon
10  Plaintiff's motion to reconsider, the Court finds sufficient cause to modify its previous Order
11  denying it. "Unless a consent decree is unfair, inadequate, or unreasonable, it ought to be
12  approved." S.E.C. v. Randolph, 736 F.2d 525, 529 (9th Cir. 1984) (citations omitted). Here, the
13  Court finds that the agreement is, in general, fair, adequate and reasonable. However, the Court
14  finds that sections 4(c), 4(d), 4(e), 4(f), 4(h), and 4(m) are unreasonably restrictive insofar as
15  they prohibit Stoll, *in any way whatsoever*, from engaging in activities such as forming
16  partnerships and corporations for others, preparing wills for others, and serving as trustee of a
17  trust established for the benefit of anyone other than himself or his relatives. While mindful that
18  both parties agreed to this permanent injunction, the Court finds it necessary to order certain
19  modifications to the agreement in order to render it completely fair, adequate and reasonable.

20
21                                          **ORDER**
22      Accordingly,

23      **IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion to
24  Reconsider Order Denying Motion to Approve Consent Injunction against Defendant James Stoll
25  (ECF No. 51) is GRANTED.

26      **IT IS FURTHER ORDERED** that this Court's Minute Order Denying Plaintiff's
27  Motion to Approve Agreed Order of Permanent Injunction against James Stoll (ECF No. 45) is
28  VACATED.

**IT IS FURTHER ORDERED** that Plaintiff United States of America's Motion to Approve Agreed Order of Permanent Injunction against James Stoll (ECF No. 28) is GRANTED with modifications.

**IT IS FURTHER ORDERED** that the Plaintiff will make certain modifications to its "Agreed Order of Permanent Injunction" against James Stoll (ECF No. 28) and resubmit this modified permanent injunction order within **10 days** of the filing of this order. The Plaintiff is instructed to make the following modifications to its "Agreed Order of Permanent Injunction":

- Section 4(c) is modified to read as follows: "Preparing, creating, or forming or assisting in the preparation, creation, or formation of trusts, wills, or other legal documents for others that facilitate or promote noncompliance with federal tax laws, lead to the understatement of federal tax liability, or incite or assist customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities."

- Section 4(d) is modified to read as follows: "Forming or assisting in the formation of partnerships (LLPs), limited liability companies (LLCs), S-corporations, or C-corporations for others that facilitate or promote noncompliance with federal tax laws, lead to the understatement of federal tax liability, or incite or assist customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities."

- Section 4(e) is modified to read as follows: "Acting as the trustee of any trust—whether established for the benefit of himself, his relatives, or others—that facilitates or promotes noncompliance with federal tax laws, leads to the understatement of federal tax liability, or incites or assists customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities."

- Section 4(f) is modified to read as follows: "Acting as the registered agent of any entity—including trusts, corporations, or partnerships—that facilitates or promotes noncompliance with federal tax laws, leads to the understatement of

federal tax liability, or incites or assists customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities."

- Section 4(h) is modified to read as follows: "Opening or assisting in the opening of a bank account for any trust, corporation, or partnership that facilitates or promotes noncompliance with federal tax laws, leads to the understatement of federal tax liability, or incites or assists customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities."

- Section 4(m) is modified to read as follows: "Providing any individual or entity with advice with respect to forming trusts, corporations, or partnerships, where such advice would facilitate or promote noncompliance with federal tax laws, lead to the understatement of federal tax liability, or incite or assist customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities."

**IT IS FURTHER ORDERED** that Plaintiff United States of America's Motion for Further Explanation (ECF No. 47) is DENIED as moot.

DATED this 21st day of January, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 4 -