**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>         v.<br><br>WAYNE REEVES,<br>DIANE VAOGA, and<br>JAMES STOLL,<br><br>                                    Defendants. | Case No. 2:12-cv-01916-RFB-GWF<br><br>**ORDER DENYING MOTION TO SET ASIDE AND ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE GEORGE W. FOLEY** |

### I.     INTRODUCTION

Before the Court for consideration are (1) Defendants Wayne Reeves and Diane Vaoga's Motion To Set Aside this Court's Order Denying Defendants' Motions to Dismiss, ECF No. 40, and (2) the Report and Recommendation of the Honorable George W. Foley, United States Magistrate Judge, entered June 16, 2014, recommending that Plaintiff United States of America's Motion for Sanctions and for Entry of Default Judgments Against Defendants (ECF No. 78) be granted, that Defendant Reeves's Answer (ECF No. 61) be stricken, that Defendants Reeves and Vaoga's defaults be entered, and that a default judgment be entered against them. ECF No. 90. Defendants Reeves and Vaoga filed a written objection (ECF No. 91), and Plaintiff filed a response (ECF No. 92). For the reasons discussed below, the Motion to Set Aside is denied and the Report and Recommendation is adopted in full.

### II.     BACKGROUND

In this action, the United States seeks to enjoin Defendants from promoting an allegedly fraudulent tax scheme and from preparing tax returns for others. Compl. at 1-2, ECF No. 1.

Defendant Reeves filed a Motion to Dismiss for lack of subject matter jurisdiction on January 16, 2013, and Defendant Vaoga filed a virtually identical motion on February 19, 2013. ECF Nos. 15, 21. In their motions, Defendants argued that the United States of America is not the same entity as the United States and that therefore Plaintiff lacks standing to sue, that the Internal Revenue Service (IRS) is not an actual agency of the United States government, and that the provisions of the Internal Revenue Code through which Plaintiff seeks a permanent injunction are unenforceable.

On March 25, 2013, this Court issued an Order denying both of Defendants' motions to dismiss. Order, ECF No. 31. The Court dismissed Defendants' contention that the IRS is not a governmental agency as frivolous, and found that Plaintiff had standing to bring this action and that this Court had subject matter jurisdiction over this action pursuant to section 7402(a) of the Internal Revenue Code. Id. at 4-5. The Court also rejected Defendant Reeves's motion to strike Plaintiff's response to his motion to dismiss. Id. at 5-6. Defendants Reeves and Vaoga have contested this Court's denial of their motions to dismiss. On May 28, 2013, they filed a motion to set aside the Court's Order denying their motions to dismiss and motions to strike. ECF No. 40. The motion to set aside raises many of the same arguments the Court addressed in its Order and fails to present any new evidence or intervening legal authority that would warrant renewed consideration. Defendants have also filed three additional motions to dismiss in which they make similar arguments to those already decided by this Court's initial Order on their motions to dismiss, such as the argument that the United States is not the same entity as the United States of America and the argument that the IRS is not a governmental agency created by law. See Mot. Dismiss, Nov. 27, 2013, ECF No. 62; Mot. Dismiss, Feb. 24, 2014, ECF No. 74; Mot. Dismiss, Sept. 10, 2014, ECF No. 97.

Following this Court's Order denying Defendants Reeves and Vaoga's motions to dismiss, Reeves and Vaoga have refused to participate in discovery, arguing that they have no obligation to do so until the Court enters a proper order regarding their challenges to standing and subject matter jurisdiction. On August 27, 2013, Plaintiff filed a motion to compel discovery requesting an order compelling Defendant Reeves to serve responses to Plaintiff's interrogatories

and requests for production of documents. Mot Compel, ECF No. 48. In his response, Reeves argued that he was refusing to respond to Plaintiff's discovery requests because Plaintiff had failed to establish that it has standing to represent the "unidentified entity, United States of America." Resp. Mot. Compel at 2, ECF No. 52. The Court granted Plaintiff's motion to compel on October 3, 2013, and gave Defendant Reeves until October 21, 2013 to respond to Plaintiff's interrogatories and requests for production of documents. Order, ECF No. 59. The Court also cautioned Defendant Reeves that failure to comply with the Order may result in the imposition of sanctions. Id.

On September 20, 2013, the Court conducted a telephonic status conference at which Defendants Reeves and Vaoga did not appear. See Minutes of Proceedings, ECF No. 56. Shortly before the status conference, Defendants Reeves and Vaoga filed a motion to cancel the status conference, arguing that their challenge regarding Plaintiff's lack of standing and the Court's lack of jurisdiction meant that they had no obligation to comply with an order requiring them to provide a status report or attend a status conference. Verified Objection to Minute Order at 2-3, Sept. 30, 2013, ECF No. 58.

On December 26, 2013, the Court granted Plaintiff's motion to compel Defendant Vaoga to answer interrogatories. Order, ECF No. 65. Vaoga served answers to the interrogatories on January 13, 2014; however, she responded "I don't know" to several interrogatories regarding matters she would presumably have some knowledge of, including questions about bank checks she allegedly signed. Mot. Sanctions, Ex. 7. Plaintiff has not moved to compel Vaoga to provide responsive answers to the interrogatories. However, Plaintiff did attempt to schedule Vaoga's deposition on multiple occasions. The deposition was rescheduled multiple times at Defendants' request and one time due to a conflict in Plaintiff's counsel's schedule. See Decl. of Mark C. Milton ¶¶ 2-13, Mot. Sanctions. However, as stated in Defendant Reeves's letters to Plaintiff's counsel, Vaoga has since refused to appear for her deposition.

On January 9, 2014, Plaintiff filed a second motion to compel against Defendant Reeves in which it asserted that, after a long period of conferring with Reeves, his discovery responses were still inadequate and that he asserted inappropriate blanket objections. Mot. Compel, ECF

1  No. 67. Defendant Reeves did not file a response to the motion. On February 7, 2014, the Court
2  granted Plaintiff's second motion to compel and gave Mr. Reeves until February 21, 2014 to
3  respond to each of the subject interrogatories and requests for production of documents without
4  objection or assertion of any privilege. Order, Feb. 7, 2014, ECF No. 72. The Court further
5  instructed Defendant Reeves that failure to comply with the order may result in the imposition of
6  sanctions, up to and including a recommendation to the undersigned that a default judgment be
7  entered against him. Id. at 3. Subsequently, Defendants Reeves and Vaoga failed to appear for a
8  hearing on Plaintiff's motion to extend the scheduling order's deadlines. See Minutes of
9  Proceedings, ECF No. 73.

10  On February 25, 2014, Defendant Reeves sent a letter by email to Plaintiff's counsel in
11  which he explained his legal position in this case and his disagreement with the Court's ruling
12  that it has jurisdiction over the case. See Mot. Sanctions, Ex. 11, Mar. 13, 2014, ECF No. 78
13  ("Mot. Sanctions"). In his letter, Reeves refused to answer Plaintiff's request for documents
14  because "the Court does not have subject matter jurisdiction to make such a request." Id. Reeves
15  also stated that he would not be answering interrogatories, that Vaoga would not be attending her
16  scheduled deposition, and that the case was on "hold" until this Court issued a decision on his
17  newly filed motion to dismiss. Id. On February 26, 2014, Defendant Reeves sent another letter
18  by email to Plaintiff's counsel in which he reiterated his refusal to participate in discovery,
19  noting that he had raised the issue of subject matter jurisdiction and "whether this Court has
20  Article III powers which I am sure it does not!" Id., Ex. 13.

21  On March 13, 2014, the Court set a hearing on Plaintiff's motion for sanctions for April
22  21, 2014. See Minute Order, ECF No. 79. In response, Defendants Reeves and Vaoga filed a
23  motion to vacate the minute order on the grounds that the Court does not have the authority to act
24  until the issue of subject matter jurisdiction is settled. Mot. Vacate Minute Order, Mar. 26, 2014,
25  ECF No. 80. The Court denied Defendants' motion on March 31, 2014. Order, ECF No. 82.
26  Prior to the hearing on the motion for sanctions, Defendants also filed a motion for change of
27  venue and transfer in which they raise the same arguments regarding Plaintiff's lack of standing
28  and this Court's lack of subject matter jurisdiction. Mot. Change Venue, Apr. 14, 2014, ECF No.

83. During the April 21, 2014 hearing on the motion for sanctions, Vaoga adopted the arguments of her husband, Defendant Reeves. The Court finds there is no reason to believe, therefore, that Defendant Vaoga will appear for a deposition if another notice of deposition is served upon her. Further, neither Reeves nor Vaoga has indicated a willingness to comply with the Court's orders regarding their discovery obligations.

In its motion for sanctions and for entry of default judgments, Plaintiff argues that Defendants' repeated refusals to comply with their discovery obligations in spite of multiple Orders from this Court warrants the imposition of the severe sanction of entry of default judgments against them. See Mot. Sanctions at 8. On June 16, 2014, the Honorable George W. Foley issued a Report and Recommendation recommending that Plaintiff's motion for sanctions be granted, that Defendant Wayne Reeves's Answer (ECF No. 61) be stricken, that Defendants Reeves and Vaoga's defaults be entered, and that a default judgment be entered against them.

### III.   LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

### IV.   DISCUSSION

#### A. Motion to Set Aside

The Court will construe Defendants' Motion to Set Aside as a Motion to Reconsider its previous Order denying Reeves and Vaoga's Motions to Dismiss. "As long as a district court has

1  jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind,
2  or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles,
3  Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation and internal
4  quotation marks omitted) (emphasis omitted). Defendants have not presented any new argument
5  or set of facts that would warrant reconsidering or modifying the Court's previous order. The
6  Court denies the Defendants' Motion to Set Aside.

### B. Report and Recommendation

Where a party fails to obey an order to provide discovery, the district court may impose sanctions, including the rendering of a default judgment. See Fed. R. Civ. P. 37(b)(2). However, "[d]ismissal and default judgment are authorized only in extreme circumstances." U.S. for Use and Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988) (citation omitted) (internal quotation marks omitted). In order to justify case-dispositive sanctions, the party must have shown willfulness, bad faith, or fault. Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (citing Kahaluu Constr. Co, 857 F.2d at 603). This can be demonstrated by a showing of disobedient conduct not shown to be outside the litigant's control. Id. In addition, the Ninth Circuit has identified five factors that a district court must weigh before imposing the sanction of dismissal. Henry v. Gill Industries, 983 F.2d 943, 948 (9th Cir. 1993). These factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. (citation omitted) (internal quotations omitted). "[T]he key factors are prejudice and the availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

Judge Foley's Report and Recommendation considered each of these five factors in determining that the sanction of default judgment was appropriate. Judge Foley found that:

> Defendants' refusal to comply with the Court's orders has been willful. They simply refuse to recognize the authority of the Court or the requirement that they comply with court orders and the discovery rules. Plaintiff has been prejudiced in its ability to prepare its case for trial by Defendants' refusal to participate in

> discovery. Because it is clear that Defendants will continue to refuse to comply with the Court's orders or to otherwise participate in discovery, including appearing for deposition, there is no lesser, alternative sanctions that the Court can impose to obtain Defendants' compliance with the Court's orders or with their discovery obligations.

Report & Recommendation at 7.

Defendants' Objection to the Report and Recommendation reiterates many of the arguments made previously in their many motions to dismiss, namely that Plaintiff did not properly respond to Defendants' initial motion to dismiss, that the IRS is not a governmental agency created by statute, and that the United States is a different entity than the United States of America. Objection to Report & Recommendation at 3-8, July 7, 2014, ECF No. 91. In their Objection, Defendants also argue that they do not reside within the territorial jurisdiction of any U.S. District Court, that the District of Nevada is not the proper venue for this case, that this action should be dismissed on the grounds that it is not prosecuted in the name of the real party in interest, that this action is subject to the rules of admiralty or maritime jurisdiction, and that the complaint is not verified according to the Supplemental Rules for Admiralty or Maritime Claims. Id. at 8-16. None of Defendants' arguments in their Objection are addressed toward any portion, finding, or recommendation of the Report and Recommendation, and thus this Court is not required to conduct a *de novo* review. See 28 U.S.C. § 636(b)(1) ("A judge . . . shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added).

Nevertheless, the Court has conducted a *de novo* review of the record and the Report and Recommendation and agrees with Judge Foley's findings. The Court finds that Defendants Reeves and Vaoga have willfully refused to comply with this Court's orders compelling them to participate in discovery despite multiple warnings that sanctions—including entry of default judgment—may be imposed for failure to comply. The Court further finds that there is no appropriate lesser, alternative sanction, such as a fine or other monetary sanction, it can impose that would obtain compliance. Reeves and Vaoga have shown that they are not willing to comply with this Court's orders, and the Court sees no reason why their response to an order instituting monetary sanctions would be any different. Further, the record demonstrates that Reeves and

1  Vaoga have consistently delayed resolution of the claims pending in this case by, at times,
2  initially appearing to comply with the Court's orders in some minimal way. This initial hint of
3  compliance is then followed by gradually stronger refusals to comply and ends with another
4  explicit rejection of this Court's authority and the filing of a concomitant repetitive motion. The
5  Court finds that monetary or other lesser sanctions would only further delay resolution of this
6  case and are not adequate or feasible alternatives. Finally, the Court finds that Reeves and
7  Vaoga's refusal to comply has prejudiced Plaintiff in its ability to prepare its case for trial and
8  impairs the Court's ability to "conduct a trial with any reasonable assurance that the truth would
9  be available," making case-dispositive sanctions appropriate. Valley Engineers Inc. v. Elec.
10 Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (citation omitted) (internal quotation
11 marks omitted).

12 In light of these findings, the Court concludes that rendering a default judgment against
13 Reeves and Vaoga is warranted. See Fair Hous. of Marin, 285 F.3d at 906 (affirming district
14 court's imposition of default judgment as a sanction where the defendant "continued to violate
15 court orders despite multiple warnings"); Malone v. U.S. Postal Serv., 833 F.2d 128, 133 (9th
16 Cir. 1987) ("A plaintiff can hardly be surprised by a harsh sanction in response to willful
17 violation of a pretrial order."). Reeves and Vaoga have repeatedly rejected this Court's Order
18 finding that Plaintiffs have standing to bring this case and that this Court possesses subject
19 matter jurisdiction. However, as Judge Foley stated, "their disagreement with the Court's
20 decision does not entitle them to refuse to participate in discovery or to disobey the Court's
21 discovery orders." Report & Recommendation at 7.

### V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Wayne Reeves and Diane Vaoga's Motion to Set Aside Order on Defendants' Motion to Dismiss and Motion to Strike (ECF No. 40) is DENIED.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 90) is

ADOPTED in full.

**IT IS FURTHER ORDERED** that Plaintiff United States of America's Motion for Sanctions and for Entry of Default Judgments Against Defendants Wayne Reeves and Diane Vaoga (ECF No. 78) and in favor of the Plaintiff is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Wayne Reeves's Answer (ECF No. 61) is STRICKEN.

**IT IS FURTHER ORDERED** that the Clerk shall enter the defaults of Defendants Wayne Reeves and Diane Vaoga and shall enter default judgments against Defendants Reeves and Vaoga and in favor of Plaintiff United States of America. The Court shall issue a separate Order outlining the details of the permanent injunction against these Defendants.

DATED this 21st day of January, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**