# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>WAYNE REEVES,<br>DIANE VAOGA, and JAMES STOLL,<br><br>　　　　　　　　Defendants. | Case No. 2:12-cv-01916-RFB-GWF<br><br>**ORDER OF PERMANENT INJUNCTION** |

This matter is before the Court on Plaintiff United States of America's Motion for Sanctions and for Entry of Default Judgments Against Defendants Wayne Reeves and Diane Vaoga (ECF No. 78), which the Court granted in its Order dated January 21, 2015 and which is incorporated by reference here. In that Order, the Court instructed the Clerk to enter the defaults of Defendants Wayne Reeves and Diane Vaoga and to enter default judgments against them, and stated that it would issue a separate Order outlining the details of the permanent injunction against these Defendants.

The general rule upon a party's default is that "well-pled allegations in the complaint regarding liability are deemed true." Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (citations omitted). "The district court is not required to make detailed findings of fact." Id. Nevertheless, the Court makes the following findings of fact and enters this permanent injunction against Defendants Reeves and Vaoga.

## **FINDINGS OF FACT**

The Court finds that Reeves orchestrated and promoted, and that Vaoga assisted in, an illegal tax scheme. Reeves advised clients to set up sham trusts and have their wages directed

into accounts for those trusts as a way to improperly reduce their tax liability. Reeves also instructed clients to name him, Vaoga, or another trusted third party as a signatory on their trust accounts. Both Reeves and Vaoga acted as trustees and sent clients pre-signed blank checks to allow them access to their money, collecting fees in the process. Reeves and Vaoga advised clients that there were numerous tax benefits associated with these trusts, including that the income from the trusts was nontaxable and did not need to be reported on tax returns, that clients could deduct personal expenses and count them as business expenses of the trusts, that clients worked for the trusts and thus were paid in tax-deductible management fees, that clients no longer needed to file federal tax returns, and that there were no problems with the Internal Revenue Service (IRS) in making these financial arrangements.

The Court finds that Reeves prepared tax returns that willfully attempted to understate his clients' correct tax liabilities, including through the use of sham entities to improperly reduce his clients' true tax liabilities, in violation of 26 U.S.C. § 6694(b). The Court further finds that Vaoga assisted Reeves in this conduct.

The Court finds that because such conduct was continual and repeated, and because a narrower injunction would not be sufficient to deter Reeves's interference with the proper administration of the internal revenue laws, Reeves should be enjoined from further acting as a tax return preparer pursuant to 26 U.S.C. § 7407.

The Court finds that in organizing and selling an illegal tax scheme, Reeves made statements regarding the tax benefits associated with participation in the scheme that he knew or had reason to know were false and/or fraudulent as to material matters within the meaning of 26 U.S.C. § 6700, and thus has engaged in conduct subject to penalty under that statute.

The Court finds that Reeves assisted others in the preparation of or advised others in the preparation of tax returns or other tax-related documents, knowing or having reason to know that such documents would be used in connection with a material matter arising under the internal revenue laws. He did so knowing that such documents, if so used, would improperly result in the understatement of his clients' tax liability, and thus has engaged in conduct subject to penalty under 26 U.S.C. § 6701.

1  The Court finds that unless enjoined, Reeves is likely to continue to engage in conduct subject to penalty under 26 U.S.C. § 6700 or § 6701, and thus injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent Reeves from further engaging in such conduct.

The Court finds that Vaoga knowingly aided and assisted Reeves in the illegal tax scheme described above by acting as trustee on the bank accounts for their clients' sham entities, sending clients pre-signed blank checks, and participating in the making of false or fraudulent statements regarding the tax benefits of these entities.

The Court finds that the conduct described in the scheme above constitutes conduct that interferes substantially with the administration and enforcement of the federal internal revenue laws. Based on the conduct of Reeves and Vaoga, the Court finds that an injunction is in the public interest and that it is necessary and appropriate to enforce the internal revenue laws. Therefore, the Court finds that injunctive relief is necessary and appropriate pursuant to 26 U.S.C. § 7402(a).

## **ORDER**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Wayne Reeves and Diane Vaoga, their representatives, agents, servants, employees, and persons in active concert or participation with them, are hereby permanently enjoined from directly or indirectly:

1. Organizing, promoting, or selling, or assisting to organize, promote or sell, the trust schemes described in Plaintiff United States of America's Complaint, or any substantially similar plans or arrangements;

2. Organizing, promoting, or selling, or assisting to organize, promote or sell, business or tax services that facilitate or promote noncompliance with federal tax laws or the understatement of federal tax liability;

3. Organizing, promoting, or selling, or assisting to organize, promote or sell, the fraudulent tax scheme described in this compliant, or any other tax shelter, plan, or arrangement, that encourages customers to attempt to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities;

/ / /

4. Engaging in conduct subject to penalty under 26 U.S.C. § 6700, including making, in connection with the organization or sale of any plan or arrangement, any statement about the securing of any tax benefit that they know or have reason to know is false or fraudulent as to any material matter;

5. Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including preparing, assisting in the preparation of, or advising with respect to a document related to a material matter under the internal revenue laws that includes a position that they know will, if used, result in an improper understatement of tax liability;

6. Engaging in conduct subject to penalty under any provision of the Internal Revenue Code;

7. Providing any entity or individual with any advice related to federal taxes;

8. Preparing federal tax returns for others or aiding, assisting, or advising others with respect to the preparation or filing of federal tax returns, amended returns, or other tax-related documents or forms for other persons;

9. Representing taxpayers before the IRS; and

10. Obstructing or delaying an IRS investigation or audit, or interfering with IRS tax collection efforts.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date this Order is entered, Defendants Wayne Reeves and Diane Vaoga shall produce to the United States a list identifying (with names, mailing and email addresses, phone numbers, and social security and any other tax-identification numbers) all clients and persons who have purchased their tax plans, arrangements, or programs, and shall file with the Court a certification that they have done so.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date this Order is entered, Defendants Wayne Reeves and Diane Vaoga shall contact by mail (or, if a mailing address is unknown, by email) all clients and persons who have previously purchased their tax shelters, plans, arrangements, or programs, including the trust program, or any other tax shelter, plan or program in which Reeves and/or Vaoga have been involved either individually or through any business entity, and inform those individuals of the Court's findings concerning the falsity of prior representations made by Reeves and/or Vaoga, attaching a copy of this Order of Permanent Injunction, and shall file with the Court a certification that they have done so.

**IT IS FURTHER ORDERED** that the United States may engage in post-judgment discovery to ensure compliance with this Order of Permanent Injunction.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action to ensure the implementation and enforcement of this Order of Permanent Injunction.

**DATED** this 21st day of January, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**