DANIEL G. BOGDEN
United States Attorney

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

SEAN M. GREEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C.  20044
202-307-2554 (v)
202-514-6770 (f)
Sean.M.Green@tax.usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WAYNE REEVES, ) <br> DIANE VAOGA, and ) <br> JAMES STOLL, ) <br> ) <br> Defendants. ) <br> _____) | Case No.  2:12-cv-01916-RFB-GWF <br><br> **MOTION TO APPROVE MODIFIED CONSENT INJUNCTION** |

On January 25, 2015, the Court granted the United States' Motion to Reconsider Order Denying Motion to Approve Agreed Order of Permanent Injunction against James Stoll.  (Doc. No. 104.)  The Court granted the motion, however, with modifications to the proposed injunction submitted by the parties.  Thus, the Court ordered the plaintiff to make certain modifications and "resubmit this modified permanent injunction order within 10 days."  (*Id*. at 3.)  Accordingly, the United States resubmits the attached proposed Agreed Order of Permanent Injunction, which has

been modified in accordance with the Court's order of January 25, 2015.  The United States respectfully requests that the Court approve, sign, and enter the attached proposed Agreed Order of Permanent Injunction Against James Stoll.  Defendant Stoll has signed the proposed order.

Dated January 29, 2015                                          Respectfully submitted,

                                                            DANIEL G. BOGDEN
                                                            United States Attorney

                                                            CAROLINE D. CIRAOLO
                                                           Principal Deputy Assistant Attorney General

                                                            /s/ Sean M. Green
                                                            SEAN M. GREEN
                                                            Trial Attorney, Tax Division
                                                            U.S. Department of Justice
                                                            P.O. Box 7238
                                                            Washington, D.C.  20044
                                                            202-307-2554 (v)
                                                            202-514-6770 (f)
                                                            Sean.M.Green@tax.usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that on January 29, 2015, the foregoing was filed electronically on the Court's CM/ECF system, which provided electronic service to CM/ECF participant Wayne Reeves, and was caused to be served upon the following by placing a copy thereof in U.S. Mail, in a sealed envelope, postage prepaid, and addressed to:

    Wayne Reeves
    1001 North Central Avenue, B-12
    Show Low, AZ 85901

    James Stoll
    2980 Rainbow Blvd.
    Las Vegas, NV 89146-6531

    Diane Vaoga
    1001 North Central Avenue, D-11
    Show Low, AZ 85901

                                                            s/ Sean M. Green
                                                            SEAN M. GREEN

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

SEAN M. GREEN
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, DC 20044
Tel: (202)307-2554
Fax: (202) 514-6770
Email: Sean.M.Green@usdoj.gov
*Attorneys for the United States of America*

JAMES STOLL
2980 South Rainbow Blvd.
Las Vegas, NV 89146-6531
*Defendant, pro se*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WAYNE REEVES,
DIANE VAOGA, and
JAMES STOLL,

    Defendants.

Civil No. 12-cv-1916-RJC-GWF

### AGREED ORDER OF PERMANENT INJUNCTION
### AGAINST JAMES STOLL

Plaintiff, the United States of America, and defendant James Stoll stipulate as follows:

1. The United States of America has filed a complaint for permanent injunction under sections 7402(a), 7407, and 7408 of the Internal Revenue Code ("the Code") (26 U.S.C.) (I.R.C.) against Wayne Reeves, Diane Vaoga, and James Stoll.

2. James Stoll, without admitting the allegations in the complaint, voluntarily agrees and consents to the entry of this Agreed Order of Permanent Injunction against him and agrees to be bound by its terms.

3. The United States of America and James Stoll further:

    a. Waive the entry of findings of fact and conclusions of law;

b. Agree that entry of this Agreed Order of Permanent Injunction resolves only this civil injunction action as to defendant James Stoll, and neither precludes the government from pursuing any other current or future civil or criminal matters or proceedings against Stoll, nor precludes Stoll from contesting his liability in any such matter or proceeding;

c. Understand and agree that this Agreed Order of Permanent Injunction will be entered under Fed. R. Civ. P. 65 and will result in the entry, without further notice, of a final judgment in this matter with respect to defendant James Stoll;

d. Waive the right to appeal from the Agreed Order of Permanent Injunction;

e. Understand and agree that the parties will bear their own costs, including any attorneys' fees or other expenses of this litigation;

f. Understand and agree that the Court will retain jurisdiction over this matter for the purpose of implementing and enforcing this Agreed Order of Permanent Injunction;

g. Understand and agree that if James Stoll violates this Agreed Order of Permanent Injunction, he may be subject to civil and criminal sanctions for contempt;

h. Understand and agree that the United States of America may conduct full post-judgment discovery to monitor compliance with this Order.

4. IT IS HEREBY STIPULATED AND AGREED, pursuant to I.R.C. §§ 7402, 7407 and 7408, that James Stoll, individually or doing business through any entity, including but not limited to Beneficiary Services, Systems Corporation of America, or Continental Business Services, and any person or entity acting in active concert or participation with him, is PERMANENTLY ENJOINED from directly or indirectly, by use of any means or instrumentalities:

a. Promoting or selling (or helping others to promote or sell) business or tax services that facilitate or promote noncompliance with federal tax laws or lead to the understatement of federal tax liability;

b. Organizing, promoting, or selling (or helping others to organize, promote, or sell) any tax-fraud scheme or other tax shelter, plan, or arrangement, that incites or assists customers to attempt to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities;

c. Preparing, creating, or forming or assisting in the preparation, creation, or formation of trusts, wills, or other legal documents for others that facilitate or promote noncompliance with federal tax laws, lead to the understatement of federal tax liability, or incite or assist customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities;

d. Forming or assisting in the formation of partnerships (LLPs), limited liability companies (LLCs), S-corporations, or C-corporations for others that facilitate or promote noncompliance with federal tax laws, lead to the understatement of federal tax liability, or incite or assist customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities;

e. Acting as the trustee of any trust–whether established for the benefit of himself, his relatives, or others–that facilitates or promotes noncompliance with federal tax laws, leads to the understatement of federal tax liability, or incites or assists customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities;

f. Acting as the registered agent of any entity–including trusts, corporations, or partnerships–that facilitates or promotes noncompliance with federal tax laws, leads to the understatement of federal tax liability, or incites or assists customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities;

g. Acting as a sham or nominal corporate officer or director for any entity;

h. Opening or assisting in the opening of a bank account for any trust, corporation, or partnership, that facilitates or promotes noncompliance with federal tax laws, leads to

the understatement of federal tax liability, or incites or assists customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities

i. Engaging in conduct subject to penalty under I.R.C. § 6700, including making, in connection with the organization or sale of any plan or arrangement, any statement about the securing of any tax benefit that he knows or has reason to know is false or fraudulent as to any material matter;

j. Engaging in conduct subject to penalty under I.R.C. § 6701, including preparing or assisting in the preparation of, or advising with respect to a document related to a material matter under the internal revenue laws that he knows will, if used, result in an understatement of tax liability;

k. Engaging in conduct subject to penalty under any provision of the Internal Revenue Code, or engaging in any other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

l. Providing any individual or entity with any advice related to federal taxes;

m. Providing any individual or entity with advice with respect to forming trusts, corporations, or partnerships, where such advice would facilitate or promote noncompliance with federal tax laws, lead to the understatement of federal tax liability, or incite or assist customers to violate the internal revenue laws or evade the assessment or collection of their federal tax liabilities;

n. Preparing federal tax returns for others or aiding, assisting, or advising others with respect to the preparation or filing of federal tax returns, amended returns, or other tax-related documents or forms for other persons;

o. Representing anyone before the IRS;

p. Obstructing or delaying an IRS investigation or audit, or interfering with IRS tax collection efforts; and

1      q. Engaging in any other conduct that interferes with the proper administration and enforcement of the internal revenue laws.

5. IT IS FURTHER STIPULATED AND AGREED that, within 21 days of entry of this Order, James Stoll shall produce to the United States a customer list identifying all individuals or entities (including names, mailing and e-mail addresses, telephone numbers, and federal taxpayer identification numbers, including Social Security numbers) who have purchased business services from Stoll or his entities since January 1, 2010, and to file with the Court, within 30 days of the date the permanent injunction is entered, a certification that he has done so;

6. IT IS FURTHER STIPULATED AND AGREED that, within 21 days of entry of this Order, James Stoll shall send by first class mail, at his own expense, a copy of the complaint in this matter and a copy of this Agreed Order of Permanent Injunction to all of those individuals and/or entities identified in paragraph 5 of this Order, and to obtain approval from counsel for the United States or this Court for any letter sent with these required documents. Stoll shall file with the Court, within 30 days of the date the permanent injunction is entered, a certification that he has complied with the provisions in this paragraph.

7. IT IS FURTHER STIPULATED AND AGREED that, within 21 days of entry of this Order, James Stoll shall post a copy of this Order to the Beneficiary Services home page at www.beneficiaryservices.com and remove all material promoting any services that Stoll is prohibited from providing by this Order, and to file with the Court, within 30 days of the date the permanent injunction is entered, a certification that he has done so.

8. IT IS FURTHER STIPULATED AND AGREED that, within 21 days of entry of this Order, James Stoll shall cease all registered agent activities and shall remove Systems Corporation of America, Continental Business Services, or any other entity controlled by Stoll, as the registered agent for any entities formed by Stoll or his entities, and shall file with the Court, within 30 days of the date the permanent injunction is entered, a certification that he has done so.

9. IT IS FURTHER STIPULATED AND AGREED that the United States may engage in full post-judgment discovery to monitor compliance with this Order;

10. IT IS FURTHER STIPULATED AND AGREED that the Court will retain jurisdiction over this action for purpose of implementing and enforcing this Order and any additional orders necessary and appropriate to the public interest.

# ORDER

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED this 30th day of January, 2015.

- 6 -

Agreed to and submitted by:

CAROLINE CIRAOLO
Principal Assistant Attorney General

*(signed)*  Dated: 1/29/2015

SEAN M. GREEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-2554
Fax: (202) 514-6770
Email: Sean.M.Green@usdoj.gov

*Attorneys for the United States of America*

*(signed) James Stoll*  Dated: 1-27-2015

JAMES STOLL
Defendant, pro se

-7-