# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE REEVES,<br>DIANE VAOGA, and<br>JAMES STOLL,<br><br>Defendants. | Case No. 2:12-cv-01916-RFB-GWF<br><br>**ORDER** |

This matter is before the Court on Defendants Wayne Reeves and Diane Vaoga's Motion for Change of Venue and Transfer to the United States District Court for the District of Arizona, filed April 14, 2014. ECF No. 83. In their motion, Reeves and Vaoga seek to transfer this case to the District of Arizona because they both reside in Arizona, they cannot afford to travel to Nevada to litigate this case or to pay for childcare for their children, and Vaoga suffers from a variety of physical ailments. Plaintiff United States of America opposes the motion.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The decision whether to transfer a case is within the discretion of the district court and is made under "an individualized, case-by-case consideration of convenience and fairness." <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000). In making this evaluation, courts may consider several factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the

costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Id. at 498-99.

The Court declines to transfer this action. First, the Court finds that venue is proper in the District of Nevada, as a substantial part of the events giving rise to the United States' claims arose in this district. See 28 U.S.C. § 1391(b). Second, while venue may also potentially be proper in the District of Arizona, the Court does not find that transfer would be in the interest of justice or best serve the convenience of all the parties and witnesses. Reeves and Vaoga did not file their motion to transfer until well over a year after the United States filed its Complaint against them, and based on Reeves and Vaoga's refusal to comply with the orders of this Court and their lack of cooperation throughout the discovery process, the Court is not persuaded that the interests of fairness and justice would be served by disrupting the United States' choice of forum in this action. Further, the Court has already entered default judgment and a permanent injunction against Reeves and Vaoga in this case, which greatly limits any inconvenience to them from this action remaining in the District of Nevada. See Order, Jan. 21, 2015, ECF No. 105; Permanent Inj., Jan. 22, 2015, ECF No. 108. Finally, Reeves and Vaoga have failed to file certifications of compliance with the requirements imposed by the Permanent Injunction as ordered to do within thirty days, which suggests that they no longer seek to pursue pending matters before this Court. Permanent Inj., ECF No. 108. Therefore,

**IT IS ORDERED** that Plaintiffs Wayne Reeves and Diane Vaoga's Motion for Change of Venue and Transfer to the United States District Court for the District of Arizona (ECF No. 83) is DENIED.

DATED: August 6, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**