UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

WAYNE REEVES, *et al.*,

Defendants.

Case No. 2:12-cv-01916-RFB-GWF

**ORDER DENYING MOTION TO REMOVE PERMANENT INJUNCTION**

Before the Court is Defendant Wayne Reeves's Motion to Remove Permanent Injunction (ECF No. 120). For the following reasons, the Court denies the motion without prejudice.

## I. RELEVANT BACKGROUND

On January 22, 2015, this Court enjoined Defendant Wayne Reeves from, among other things, providing any entity or individual with any advice related to federal taxes. See ECF No. 108 at 4. On February 20, 2026, Mr. Reeves wrote a letter to the court requesting removal of the permanent injunction. See ECF No. 120. The Court construes Mr. Reeves's letter as a motion for relief from a final judgment. The Court's Order on the pending motion follows.

## II. DISCUSSION

Under this Court's Local Rules, all motions must be supported by a memorandum of points and authorities. See LR 7-2(a). Failure of a moving party to file points and authorities in support of a motion constitutes a consent to the denial of the motion. See LR 7-2(d).

Mr. Reeves's letter to the Court does not contain a memorandum of points and authorities, so Mr. Reeves is considered to have consented to the denial of the motion. A motion for relief from final judgment, such as a permanent injunction, must comport with Federal Rule of Civil

Procedure 60(b). That rule allows a court to relieve a moving party from a final judgment for any of the following reasons:

> "(1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief."

FED. R. CIV. P. 60(b). Under Rule 60(b)(6)'s catch-all provision, a moving party may obtain relief from a final judgment upon showing that such an action is "appropriate to accomplish justice" due to "extraordinary circumstances." United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir. 1982) (internal quotation marks and citations omitted). Because Mr. Reeves's letter fails to include appropriate arguments and authorities, the Court is unable to evaluate whether the Rule 60(b) factors are met.

Courts must freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, "leave to amend need not be granted where an amendment would be futile." Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006).

The Court is not satisfied that amendment would be futile, as other courts have dissolved or modified injunctions under similar circumstances. See e.g., SEC v. Warren, 76 F.R.D. 405, 411 (W.D. Pa. 1977), aff'd, 583 F.2d 115 (3d Cir. 1978); United States v. Baisden, No. 1:06-CV-01368-AWI, 2014 WL 7507278, at *2 (E.D. Cal. Nov. 14, 2014), aff'd, 692 F. App'x 878 (9th Cir. 2017). Accordingly, the Court grants Mr. Reeves leave to amend and conform his pleadings to the Court's Local Rules. See generally LR IA 10; LR IC; LR 7-2, 15.

///

///

///

///

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant Reeves's Motion to Remove Permanent Injunction (ECF No. 120) is **DENIED without prejudice and with leave to amend**. If Defendant Reeves chooses to amend his pleading, he must do so by **October 30, 2026.**

**DATED:** September 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**